UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TROY W. BROWN,

                        Petitioner,

    -against-

STATE OF NEW YORK,

                        Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
CV-08-582 (CBA)

**AMON, United States District Judge**.

## INTRODUCTION

Petitioner Troy W. Brown ("Brown") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Brown asserts several grounds for habeas relief, including: (1) that the New York State Supreme Court, Appellate Division improperly denied Brown's Fourth Amendment claims regarding the seizure of both his DNA and his personal property; (2) that the prosecution knowingly introduced false, altered and manufactured evidence and testimony at trial and tampered with the crime scene, resulting in Brown's wrongful conviction; and (3) that the police violated Brown's right to counsel when they coerced him into giving involuntary statements in the absence of counsel. Brown's petition contains both exhausted and unexhausted claims. As such, his petition is stayed, allowing him to pursue state court adjudication of his unexhausted claims.

## BACKGROUND

In the early hours of December 17, 2000, Pedro Narvaez and Lucio Moran were murdered as they worked the overnight shift at the Trade Fair grocery store in Queens. Both men were repeatedly stabbed with a seventeen-inch butcher's knife. The government's evidence at trial established that Brown, a homeless man who had formerly been employed at the store,

1

had entered the building earlier that same evening undetected. After murdering the two overnight workers, Brown fled the store with cash and property that he had stolen from the victims and the upstairs business office of the store. During the incident, Brown had injured his hand while trying to exit the building.

Approximately a week later, Brown was questioned by police. While at the police station, Brown requested medical attention for a large wound on his hand. EMS personnel replaced his bloody bandage and police retrieved the old bandage for DNA testing. Brown denied involvement with the murders and was released from police custody. On January 5, 2001, DNA tests revealed that Brown's blood matched a blood droplet taken from the crime scene by police, and could not be ruled out as contributing to a blood mixture found on the murder weapon. Police arrested Brown later that same day. Upon his arrest, police discovered that Brown was carrying victim Lucio Moran's backpack, with Moran's cassette tapes still inside. After being told that his blood matched samples taken from the crime scene, Brown confessed to the murders.

Brown was charged with six counts of murder in the first degree, eight counts of murder in the second degree, three counts of robbery in the first degree, three counts of burglary in the second degree, criminal possession of a weapon in the third degree, and criminal mischief in the second degree. During pretrial hearings, Brown moved to suppress his inculpatory statements, the bandage, the backpack and the cassette tapes; the trial court denied all motions. A jury found Brown guilty of four counts of murder in the second degree—two counts for the intentional murder of the victims, and two counts for the felony murder of the victims. He was sentenced to 25 years to life incarceration for each murder count. The sentences were to run consecutively for

the intentional murders, and concurrently for the felony murders, resulting in total term of 50 years to life imprisonment.

On June 29, 2005, Brown appealed to the Appellate Division, raising two Fourth Amendment claims. First, Brown claimed that the police seized his old bandage without his consent, and thus any DNA evidence stemming from the unconstitutional seizure should have been suppressed. Second, Brown argued that the search of his backpack was unlawful because it was not incident to arrest. The Appellate Division rejected these claims and affirmed Brown's conviction. People v. Brown, 36 A.D.3d 931, 932 (N.Y. App. Div. 2d Dep't 2007).

Three times during his Appellate Division appeal Brown attempted to obtain new counsel. Brown claimed that his counsel was refusing to bring claims of, inter alia, prosecutorial misconduct and evidence tampering. As to Brown's first motion to replace counsel, on August 22, 2005, the Appellate Division denied his request and instead granted him a two month adjournment to file a pro se supplemental brief outlining his claims. Brown then filed a separate motion requesting that the District Attorney provide him with copies of exhibits and minutes from his trial; the Appellate Division held that—while not legally required to do so—the District Attorney should provide Brown with the materials requested. On January 23, 2006, Brown presented a second request to remove his counsel and a claim that the District Attorney had provided misleading materials. On April 10, 2006, the Appellate Division denied Brown's claim regarding the materials but granted Brown an extension to file his supplemental brief. After a third attempt to remove his counsel on June 9, 2006, the Appellate Division gave Brown another extension on his brief. Brown failed to file a supplemental brief within the allotted time, but did file another motion seeking additional discovery materials. On September 12, 2006, the Appellate Division denied his motion for additional materials, and vacated the order allowing

Brown to file a pro se supplemental brief. As such, Brown's prosecutorial misconduct claims were not addressed by the Appellate Division. See Brown, 36 A.D.3d at 932.

On February 21, 2007, Brown's counsel sought leave to appeal to the New York Court of Appeals based on the Fourth Amendment claims raised at the Appellate Division level. However, on or about March 8, 2007, Brown filed a pro se application for leave to appeal, claiming prosecutorial misconduct and ineffective assistance of trial and appellate counsel for failure to raise his prosecutorial misconduct claims. In a second letter dated March 26, 2007, Brown requested an order relieving his current counsel, assignment of new appellate counsel, the withdrawal of his counsel's February 21, 2007 brief, an order allowing new counsel time to file a brief, and poor-person relief. The Court of Appeals responded that Brown's original counsel's brief would be withdrawn and gave Brown until April 20, 2007 to submit any further materials. On April 16, 2007, Brown wrote a third letter, stating that he wished to proceed pro se. On May 22, 2007, the Court of Appeals denied Brown's application for leave to appeal. People v. Brown, 8 N.Y.3d 937 (2007).

On January 31, 2008, Brown filed a petition for habeas corpus with this Court, asserting the following claims:

> "(1) police misconduct in illegally obtaining petitioner's bandage & committing forensic fraud falsifying DNA serology samples [S-1, S-6, 3-A, & 3-B], to condone an arrest of said petitioner, (2) Manufacturing false physical evidence, & then (3) altering that false physical evidence to resemble evidence that is depicted in the original crime scene identification photograph Peoples exhibit #16, of the knife that is marked as item #00/2517 [S-1]. (4) Tampering with said petitioner's personal property by switching petitioner's Jansports [sic] Backpack, where the case Detective Pete Ortega had taken the Jansports [sic] Backpack & placed it into his own personal locker for over a period of [26 hours] & then replaced said petitioner's Jansports [sic] Backpack with the victims Eurosports [sic] Knapsack as though the Eurosports [sic] Knapsack had been in said petitioner's possession during arrest. (5) Coercion of involuntary statements in the absence of counsel, Which [sic] is a

> violation of said petitioner's guaranteed fundamental rights to have counsel present during interrogation & questioning while in police custody pursuant to U.S.C.A. Const. Amends. 5,6 & 14; N.Y. Const. Art. I, §6. (6) Offering false testimonies to false evidence in official trial prceedings [sic]. (7) Tampering with the crime scene location with false physical evidence during trial proceedings by taking Peoples [sic] exhibit #57-A, 17 [inch] knife & placing it into the Trade Fair crime scene sink as though it was photographed by Crime Scene Unit Detective Thomas A. White, on December 17th 2000, which is not depicted in the original crime scene identification photograph Peoples [sic] exhibit #16, or item #00/2517 [S-1]."

(Pet. at 2, Jan. 31, 2008). Since filing his petition, Brown has made a number of motions regarding his petition. This Court has already denied both his motion for appointment of counsel and his motion for a writ of mandamus. Still outstanding are Brown's (1) motion for reconsideration of the denial of the motion for appointment of counsel pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, (2) motion requesting leave to file an amendment to Brown's response to the State's reply to his habeas petition, (3) motion for default judgment due to the State's failure to provide Brown with the "entire State Court, Pretrial and Trial records and appellate briefs," and (4) motion to produce information from Elaine J. Mar, a medical criminalist.

## DISCUSSION

### I. Unexhausted Claims

Brown presented two Fourth Amendment claims to the Appellate Division, and thus to the extent that he is raising similar claims in the instant petition, such claims are properly exhausted. See 28 U.S.C. § 2254(b)(1)(A). However, Brown raises numerous additional claims in his instant habeas petition, centering on a claim of actual innocence based upon prosecutorial and police misconduct, that were not exhausted in state court. Brown claims that the prosecution

knowingly introduced false, altered and manufactured evidence and testimony at trial and also tampered with the crime scene, resulting in Brown's wrongful conviction. Furthermore, Brown claims that the police also tampered with evidence and violated Brown's right to counsel when they coerced him into giving involuntary statements in the absence of counsel. These claims are unexhausted and thus are barred from review by this Court unless they plainly lack merit.

A habeas petitioner must first exhaust all state remedies. 28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Rose v. Lundy, 455 U.S. 509, 515-19 (1982); Daye v. Attorney General, 696 F.2d 186, 190-92 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984). The exhaustion requirement is not jurisdictional, but is a matter of comity. The purpose of the requirement is to "allow[] state courts to examine state convictions and correct constitutional errors, in the first instance." Camarano v. Irvin, 98 F.3d 44, 46 (2d Cir. 1996); accord Williams v. Taylor, 529 U.S. 420, 436 (2000); O'Sullivan, 526 U.S. at 844. To satisfy the exhaustion requirement, a petitioner must utilize all available mechanisms, direct and collateral. O'Sullivan, 526 U.S. at 844, 847; Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991); Dean v. Smith, 753 F.2d 239 (2d Cir. 1985). This must include "one complete round" of the state's appellate process. O'Sullivan, 526 U.S. at 845. A petitioner does not complete a full 'round' if the he does not raise the claim in his appeal to the Appellate Division, but instead raises it for the first time in the application for discretionary review by the Court of Appeals. See Castille v. Peoples, 489 U.S. 346, 351 (1989); St. Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir. 2004); Ellman v. Davis, 42 F.3d 144, 148 (2d Cir. 1994).

Here, Brown's unexhausted claims were never fairly presented to the state court. Brown raised substantially similar claims regarding the prosecutor's knowing presentation of falsified evidence in his pro se application for leave to appeal to the Court of Appeals. However, since

6

these claims were not raised in the Appellate Division, Brown failed to invoke one "complete round" of the state's appellate process as required to satisfy the exhaustion requirement. E.g. Castille v. Peoples, 489 U.S. at 351. Brown's claims regarding actual innocence and prosecutorial and police misconduct are unexhausted.

Prior to the AEDPA, a 'mixed petition'—a petition involving both exhausted and unexhausted claims—would be dismissed without prejudice so that the petitioner could file his unexhausted claims in state court before returning to federal court. See Lundy, 455 U.S. at 510; Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001). However, due to the one-year statute of limitations imposed under AEDPA, if this Court were to dismiss Brown's habeas petition, he would not be able to refile in federal court after exhausting his claims in state court, because the statute of limitations has passed. See 28 U.S.C. § 2244(d)(1). An analogous procedural posture existed in Rhines v. Weber, 544 U.S. 269, 273-74 (2005). There, the petitioner's habeas petition contained both exhausted and unexhausted claims, and due to the AEDPA statute of limitations, "if the District Court had dismissed [petitioner's] mixed petition at that point, he would have been unable to refile in federal court after exhausting the unexhausted claims." Id. at 273-74. The Rhines Court solved the conflict between the AEDPA statute of limitations and the exhaustion requirement by enunciating a standard for granting a stay of the federal petition. A stay will be granted "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. at 277.

Because of the one year statute of limitations in AEDPA, dismissal of Brown's habeas petition would preclude him from any chance of seeking federal relief on any of the claims raised

in his present petition. Although the question may be a close one, the Court concludes that Brown has shown good cause for his failure to properly raise these claims in state court. Brown, who was acting pro se as to these claims, made consistent efforts to raise them and to obtain the materials he believed he needed to support them. As the Respondent acknowledges, Brown would not appear to be precluded from pursuing these claims in state court now. (Respondent's Memorandum of Law in Support of Motion to Dismiss Habeas Corpus Petition dated June 6, 2006 at 23). Since Brown's claims that the prosecution and the police presented false and manufactured evidence are based upon matters outside the record of the state court proceeding, he can likely raise such claims in a collateral proceeding under New York Criminal Procedure Law ("CPL") § 440.10.

Although Brown's allegations underlying his unexhausted claims appear far-fetched and it is unclear whether he has factual material to support them, this Court cannot conclude on the record before it that they are plainly meritless. See Rhines, 544 U.S. at 277. Accordingly, a limited stay will be granted.

## II. Brown's Pending Motions

As noted above, Brown has four outstanding motions: (1) a motion for reconsideration of the denial of the motion for appointment of counsel pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,[1] (2) a motion requesting leave to file an amendment to Brown's response to the State's reply to his habeas petition, (3) a motion for default judgment due to the State's failure to provide Brown with the "entire State Court, Pretrial and Trial records and appellate briefs," and (4) a motion to produce information from Elaine J. Mar, a medical criminalist.

---

[1] Included within this motion is a request to correct a mistake on Brown's motion to amend, wherein he mistakenly wrote "County of Duchess" instead of Queens County. Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, this Court will consider this mistake corrected.

8

Brown's a motion for reconsideration of the denial of the motion for appointment of counsel is DENIED, as Brown has not stated a valid basis for overturning the decision under Rule 60(b). See Fed. R. Civ. P. 60(b).

Brown's motion for leave to file an amendment to his original response to the State's reply is GRANTED. This Court has reviewed that amendment, and all other submissions to this Court, in reaching the decision made in this opinion.

Brown's motion for default judgment is DENIED. He has shown no entitlement to this relief.

Brown's motion for production of evidence and witnesses pertains to his unexhausted claims and is accordingly DENIED.

## CONCLUSION

For the foregoing reasons, the Court hereby grants a stay of this habeas action to allow Brown to pursue his unexhausted claims in state court. This stay is granted on the condition that Brown: (1) file any motions in state court within sixty (60) days of this Order; and (2) notify this Court in writing within thirty (30) days of the date on which a final decision is rendered in state court on his claims. With the exception of Brown's motion for leave to amend which was granted, his remaining motions are denied.

The Clerk of the Court is directed to administratively close this case without prejudice to its reopening.

SO ORDERED.

Dated: Brooklyn, N.Y.
      March 31, 2010

__/s/_____
Carol Bagley Amon
United Stated District Judge