UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TROY W. BROWN

    Petitioner,

    -against-

STATE OF NEW YORK,

    Respondent.

----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**

08-CV-582 (CBA)

AMON, United States Chief District Judge:

    Petitioner Troy Brown ("Brown" or "petitioner") submits a document titled, "By the Court's Order Withdraws the Unexhausted Claims for the Court to Rule on Exhausted Claims in the State Court Under (AEDPA)...." By Order dated July 2, 2012, this Court instructed Brown to inform the Court within 30 days whether he intended to (1) withdraw his unexhausted claims and have the Court rule only on those claims that had been exhausted in state court, or (2) request that the Court dismiss his petition in its entirety so that he could exhaust all of his claims in state court. The Court advised Brown that failure to timely choose an option would result in dismissal of the petition in its entirety. Having received no response, the Court ordered the case dismissed on August 14, 2012, and the Clerk entered judgment against petitioner on August 15, 2012.

    On August 16, 2012, the Court received Brown's instant submission in response to its July 2, 2012 order electing to withdraw his unexhausted claims and have the Court rule on his exhausted claims. The Court notes that Brown dated his letter July 31, 2012, but the envelope containing his submission indicates that the submission was not postmarked until August 10, 2012, several days after his response was due. Although the Court is skeptical of the timeliness of Brown's filing, the Court will accept his submission and directs the Clerk of the Court to re-open petitioner's case and

1

vacate the judgment entered on August 15, 2012. Nevertheless, because the Court finds that Brown's exhausted claims are without merit, the Court again dismisses the petition in its entirety.

## DISCUSSION

Petitioner filed a petition for a writ of habeas corpus on January 31, 2008 pursuant to 28 U.S.C. § 2254. Petitioner asserted several grounds for habeas relief, including: (1) that the New York State Supreme Court, Appellate Division improperly denied Brown's Fourth Amendment claims regarding the seizure of both his DNA and his personal property; (2) that the prosecution knowingly introduced false, altered and manufactured evidence and testimony at trial and tampered with the crime scene, resulting in Brown's wrongful conviction; and (3) that the police violated Brown's right to counsel when they coerced him into giving involuntary statements in the absence of counsel. In subsequent submissions, Brown also raised claims of ineffective assistance of trial and appellate counsel. Of these grounds for relief, only Brown's Fourth Amendment claims were exhausted in state court, *see* Order, D.E. # 39, at 5-6; Order, D.E. # 60 at 1 & n. 1, and so the Court need only address the merits of his Fourth Amendment claims.

The full factual background of this matter is set forth in this Court's Order dated March 31, 2012, which stayed Brown's petition to allow him to pursue adjudication of his unexhausted claims in state court.[1] D.E. # 39. Brown was convicted of four counts of murder in the second degree—including two counts of intentional murder and two counts of felony murder—for repeatedly stabbing two men with a seventeen-inch butcher's knife. At trial, the government offered substantial evidence of Brown's guilt, including DNA evidence obtained from a bloody bandage that police had procured from petitioner, a backpack and cassette tapes belonging to one of the victims that petitioner was carrying at the time of his arrest, and petitioner's confession to the murders. In pre-

---

[1] The Court lifted the stay in its Order dated July 2, 2012 because Brown had well exceeded the time limit imposed by the Court to exhaust his claims in state court, despite receiving multiple extensions. D.E. # 60 at 2-3.

trial motions, Brown tried to suppress the confession, the bandage, the backpack, and the cassette tapes, but the trial court denied Brown's motions.

On June 29, 2005, Brown appealed to the Appellate Division, raising two Fourth Amendment claims. First, Brown claimed that the police seized his old bandage without his consent, and thus any DNA evidence stemming from the unconstitutional seizure should have been suppressed. Second, Brown argued that the search of his backpack was unlawful because it was not incident to arrest. The Appellate Division rejected these claims and affirmed Brown's conviction. *People v. Brown*, 36 A.D.3d 931, 932 (N.Y. App. Div. 2d Dep't 2007). On May 22, 2007, the Court of Appeals denied Brown's application for leave to appeal. 8 N.Y.3d 982, 869 N.E.2d 661 (N.Y. 2007).

It is well settled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Brown received a full and fair opportunity to litigate his Fourth Amendment claims before the New York state courts; he is therefore not entitled to federal habeas relief on the ground that the evidence against him was obtained unconstitutionally. *Graham v. Costello*, 299 F.3d 129, 131 (2d Cir. 2002).

## CONCLUSION

For the above reasons, Brown's petition is denied. Since Brown has not made "a substantial showing of the denial of a constitutional right," no certificate of appealability shall issue. 28 U.S.C. § 2253(c). The Clerk of Court shall enter judgment accordingly and close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 22, 2012

/S/

Carol Bagley Amon
United States Chief District Judge